IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEMETRUIS A. NELSON, | ) | |
| | ) | |
| Petitioner, | ) | 8:07cv86 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | (Habeas Corpus) |
| ROBERT HOUSTON[1], | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Demetruis A. Nelson. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended*,* states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Douglas County, Nebraska, on or about January 14,

---

[1]The court, sua sponte, substitutes Robert Houston as the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

1

2004, for first degree murder and other offenses. On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

Also before the court are filing no. 2, the petitioner's Motion for Leave to Proceed In Forma Pauperis ("IFP"), and filing nos. 5 & 6, the petitioner's Motions for Appointment of Counsel. The petitioner qualifies financially to proceed IFP (filing no. 3), and his § 2254 petition is not frivolous. Therefore, filing no. 2 is granted.

At this time, however, filing nos. 5 & 6 are denied. "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). "The standard for appointment of counsel in [28 U.S.C.] § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995).

The decision whether to appoint counsel is committed to the discretion of the district court in light of such factors as the factual and legal complexity of the case and the petitioner's ability to investigate and to articulate his claims without appointed counsel. Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir.), cert. denied, 531 U.S. 984 (2000). "A district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.' ... The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition .... The appointment of counsel is discretionary when no evidentiary hearing is necessary .... Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

Upon review of the petitioner's filings to date, the above factors do not indicate a present need for the appointment of counsel. Accordingly, for the foregoing reasons, the petitioner's Motions for Appointment of Counsel are denied at this time, subject to sua sponte reconsideration if an evidentiary hearing is held in this case.

IT IS THEREFORE ORDERED:

1.	That Robert Houston is substituted as the respondent in this case;

2.	That filing no. 2, the petitioner's Motion for Leave to Proceed In Forma Pauperis, is granted;

3.	That filing nos. 5 & 6, the petitioner's Motions for Appointment of Counsel, are denied;

4.	That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail,

5. That, by April 30, 2007, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

6. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

7. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

8. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney; and

9. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter, or the petitioner may move for an extension of time.

DATED this 19th day of March, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge