IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEMETRUIS A. NELSON, | ) | 8:07CV86 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's motion for summary judgment. (Filing No. 15.) In support of his motion, Respondent filed a brief and relevant state court records. (Filing Nos. 14 and 16.) On its own motion, the court provided Petitioner Demetruis Nelson ("Nelson") with additional time in which to respond to the motion. (Filing No. 18.) On September 28, 2007, Nelson filed his opposition to Respondent's motion for summary judgment. (Filing No. 23.)

Liberally construing the allegations of Nelson's petition for writ of habeas corpus and his opposition brief (filing nos. 1 and 23), Nelson argues that his petition should be granted because:

1. Petitioner's guilty plea was unlawfully induced or not made voluntarily with the understanding of the nature of the consequences of the plea because Petitioner expected a ten-year sentence in exchange for his plea of guilty. (Filing No. 1 at CM/ECF p. 5.)

2. Petitioner's trial and sentencing attorney was ineffective because he did not properly set forth the elements of the crime during Petitioner's sentencing hearing. (*Id.* at CM/ECF p. 6.)

    3.    Petitioner's appellate attorney was ineffective because he failed to raise issues regarding speedy trial violations and ineffective assistance of trial counsel on direct appeal. (*Id.*)

## I. BACKGROUND

On November 19, 2003, Petitioner Nelson pled no contest to one count of Second Degree Murder and one count of Use of a Deadly Weapon in Commission of a Felony in the Douglas County, Nebraska District Court. (Filing No. 14, Attach. 6, at CM/ECF pp. 6, 10.) Nelson was thereafter sentenced to serve 30-35 years for the Second Degree Murder charge and one to two years on the Use of a Deadly Weapon charge. (*Id.* at CM/ECF p. 6.) Nelson, through counsel, filed a direct appeal in which he raised only the issue of excessive sentence. (Filing No. 14, Attach. 2, at CM/ECF p. 5.) The Nebraska Court of Appeals summarily affirmed Nelson's sentence on June 21, 2004 and did not issue a separate opinion. (Filing No. 14, Attach. 1, at CM/ECF p. 2.) Petitioner did not appeal the summary affirmance to the Nebraska Supreme Court. (*Id.*) The Nebraska Supreme Court therefore issued the mandate to the Douglas County, Nebraska District Court on July 27, 2004. (*Id.*)

Petitioner filed a Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska on December 14, 2005. (Filing No. 14, Attach. 6, at CM/ECF pp. 8-20.) Respondent states that all of the claims set forth by Petitioner in his petition for writ of habeas corpus (filing no. 1) were previously raised by Petitioner in his Post Conviction Motion. (Filing No. 16 at CM/ECF pp. 1-2.) The Douglas County, Nebraska District Court denied Nelson's Post Conviction Motion on November 15, 2006. (Filing No. 14, Attach. 6, at CM/ECF pp. 21-27.)

On November 21, 2006, Petitioner filed a notice of appeal of the Douglas County, Nebraska District Court's denial of his Post Conviction Motion. (Filing No.

14, Attach. 6, at CM/ECF p. 28.) However, Petitioner failed to submit payment of the "statutory docket fee" or a poverty affidavit with his notice of appeal. Petitioner was informed of his failure to submit either of these items on November 22, 2006. (Filing No. 14, Attach. 6, at CM/ECF p. 29.) On November 30, 2006, the Clerk of the Nebraska Court of Appeals returned Petitioner's notice of appeal and accompanying documents to the Douglas County, Nebraska District Court because of Petitioner's failure to submit the required payment or poverty affidavit. (Filing No. 14, Attach. 6, at CM/ECF p. 30.) No other documents were filed by Petitioner regarding the Post Conviction Motion. (Filing No. 14, Attach. 6.)

On February 27, 2007, Nelson filed his petition for writ of habeas corpus in this court. (Filing No. 1.) Respondent thereafter filed a motion for summary judgment and supporting documents. (Filing Nos. 14-16.) In his motion, Respondent argues that Nelson's petition is barred by the relevant statute of limitations and that all claims contained in the petition are procedurally defaulted. (Filing No. 15.) In opposition, Nelson states that his failure to file his petition within one year should be excused and argues the merits of his claims. (Filing No. 23.)

## II. ANALYSIS

### A. Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In particular, the AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations and quotations omitted). The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort." *Id.*; *see*

*also* Sup. Ct. R. 13(1). The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3).

Further, in calculating the one-year period under the AEDPA, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts." *Painter v. Iowa*, 247 F.3d 1255, 2356 (8th Cir. 2001). Stated another way, while the federal statute of limitations is tolled while an application for post-conviction relief is pending, the statute of limitations is not tolled during the period *after* the conclusion of direct review and *before* commencement of state post-conviction proceedings. *Id.*; *see also Curtiss*, 338 F.3d at 853-55.

Here, the Nebraska Court of Appeals summarily affirmed Nelson's sentence on June 21, 2004. (Filing No. 14, Attach. 1, at CM/ECF p. 2.) Nelson did not appeal the Court of Appeals' decision and the decision was therefore final on July 22, 2004. *See* Neb. Rev. Stat. § 24-1107 (permitting 30 days from the date of a Nebraska Court of Appeals' decision for the filing of a petition for further review by the Nebraska Supreme Court). For purposes of AEDPA, Nelson's judgment was final on July 22, 2004. Absent any tolling, Nelson's petition for writ of habeas corpus must have been filed within one year, or no later than July 22, 2005.

As set forth above, the court must consider the United States Supreme Court's allowance that a writ of certiorari may be filed within 90 days after the entry of judgment of a state's "court of last resort." Sup. Ct. R. 13(1). Nebraska's court of last resort is the Nebraska Supreme Court. Because Nelson did not appeal the Nebraska Court of Appeals' decision, a writ of certiorari would not be appropriate. Regardless, even if the 90-day writ of certiorari time is added, Nelson's judgment was final for purposes of the AEDPA on October 20, 2004. Therefore, when considering

the 90-day writ of certiorari period, Nelson's petition for writ of habeas corpus must have been filed in this court no later than October 20, 2005.

Nelson filed his petition for writ of habeas corpus in this court on February 27, 2007, long after the October 20, 2005 deadline. (Filing No. 1.) In addition, although Nelson sought state postconviction relief, his Post Conviction Motion was not filed until December 14, 2005. (Filing No. 14, Attach. 6, at CM/ECF pp. 8-20.) Indeed, the statute of limitations had already expired prior to the filing of Nelson's Post Conviction Motion. The Post Conviction Motion has no bearing on whether Nelson's petition for writ of habeas corpus was timely submitted.

Nelson requests that the court "excuse his default on the time period of one year" because he was in administrative confinement, had limited access to the prison law library, is indigent, and has only a ninth-grade education. (Filing No. 23 at CM/ECF p. 1.) Federal courts may equitably toll the AEDPA's statute of limitations "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing cases and stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). The court finds that equitable tolling is not appropriate under these circumstances. Nelson's petition for writ of habeas corpus is therefore time-barred and must be dismissed.

## **B.** **Procedural Default.**

As set forth in 28 U.S.C. § 2254(b)(1),

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

 Petitioner timely filed his Post Conviction Motion and the Douglas County, Nebraska District Court denied that motion on November 15, 2006 (filing no. 14, attach. 6, at CM/ECF pp. 21-27). Nelson attempted to appeal that decision. (Filing No. 14, Attach. 6, at CM/ECF p. 28.) However, Petitioner failed to submit payment of the "statutory docket fee" or a poverty affidavit with his notice of appeal. Petitioner did not cure this procedural defect and the Clerk of the Nebraska Court of Appeals returned Petitioner's notice of appeal and accompanying documents to the Douglas County, Nebraska District Court as a result. (Filing No. 14, Attach. 6, at CM/ECF p. 30.) Petitioner did not submit any other documents or petitions for further review regarding the Post Conviction Motion. (Filing No. 14, Attach. 6.)

 Respondent does not dispute that Nelson raised all of the claims set forth in his petition for writ of habeas corpus in his Post Conviction Motion. (Filing No. 16 at CM/ECF pp. 1-2.) However, because Petitioner did not raise any of his claims to the Nebraska Court of Appeals or to the Nebraska Supreme Court, he did not exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1). Further, Petitioner has not set forth allegations or facts supporting an argument that there is an absence of available State corrective process or that circumstances exist that render such process ineffective to protect the rights of Petitioner. 28 U.S.C. § 2254(b)(1). In light of the procedural default of Petitioner's claims, even if Petitioner had timely raised such claims, they are dismissed for this separate reason.

 IT IS THEREFORE ORDERED that:

1.     Petitioner Demetruis Nelson's petition for writ of habeas corpus is denied in all respects and this action is dismissed with prejudice.

2.     A separate judgment will be entered in accordance with this memorandum and order.

December 5, 2007.                    BY THE COURT:


                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge